UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-11134-RGS

SANDRA SELBY-GARDNER

v.

UNITED STATES OF AMERICA

FINDINGS OF FACT AND CONCLUSIONS
OF LAW AFTER A NON-JURY TRIAL

September 30, 2006

STEARNS, D.J.

This case arises out of a fall on the stairs of a United States Post Office in Wareham, Massachusetts.

STIPULATED FACTS

The following facts are taken (with some editing) from the Stipulation of Facts submitted by the parties at trial.

1. Plaintiff Sandra Selby-Gardner resides in Wareham, Massachusetts, with her husband. She has three children, although none are resident in the home.

2. The defendant is the United States of America.

3. The United States District Court has jurisdiction over the claim by operation of 28 U.S.C. § 1346(b)(1).

4. Prior to August of 1989, the outside staircase leading to the front door of the United States Post Office on Main Street in Wareham, Massachusetts, consisted of seven steps (risers), with two flanking side handrails, and a bisecting center handrail.

5. In August of 1989, the Post Office removed the center handrail during the construction of a handicapped access ramp on the right (facing) side of the staircase. A lateral span of ten feet two inches (10' 2") now separated the side handrails.

6. On May 22, 2001, Selby-Gardner slipped and fell on the staircase.

7. Selby-Gardner's left kneecap had been surgically removed in the early 1970's. Her right kneecap was removed in 1984. Despite the loss of her kneecaps, Selby-Gardner was able to negotiate stairs without difficultly.

8. The "Americans with Disabilities Act and Architectural Barriers Act" (ADA) and the "Postal Service Handbook RE-4, Standards for Facility Accessibility by the Physically Handicapped," dated April 19, 1985, were the only sources consulted by the Post Office and its contractors in siting handrails on a staircase adapted for handicapped use.

9. The Handbook states in part as follows.

> **Effect of Local Building or Access Codes**. State and local building codes and regulations do not apply as a matter of law to work inside the property lines of Postal Service-owned properties. U.S. Postal Service policy is generally to require its contractors to comply with all state and local building code requirements relating to access in addition to applicable federal access standards. In the event of irreconcilable inconsistency between federal and local access standards as determined by authorized representative of the Postal Service, the federal standards shall govern, and the Postal Service may relieve the contractor of his, her, or its contractual obligation to comply with such irreconcilably inconsistent state or local access standards.

10. There is no evidence that the Postal Service determined that an irreconcilable inconsistency existed between federal and state or local access requirements.

11. Selby-Gardner's medical bills for treatment of the injuries she sustained in the fall on May 22, 2004, amounted to $2,897.

12. In July, 2002, Selby-Gardner presented a claim to the appropriate District Tort Claims Administrator in Providence, Rhode Island.

13. On or about September 9, 2002, the Claims Administrator denied the claim.

14. On November 22, 2002, Selby-Gardner, through her attorney, requested reconsideration of the denial.

15. On December 23, 2002, the Claims Administrator reaffirmed the denial.[1]

## ADDITIONAL FINDINGS OF FACT

From the credible evidence presented at trial, I find the following additional or supplemental facts. Immediately prior to the accident on May 22, 2001, rain had fallen on the stairs leading to the entrance to the Wareham Post Office. The stairs were wet, but no puddles of water had collected on the steps. Selby-Gardner had visited the Wareham Post Office on numerous occasions prior to the accident. Despite having had both kneecaps removed, Selby-Gardner, who was in her early fifties, had no difficulty walking or negotiating stairs. On the date of the accident, she was wearing sneakers. As she left the Post Office, she was carrying only a shoulder purse. There were no obstacles on the staircase as she began her descent. On the third step, she stumbled. She attempted to steady herself by reaching for the right side handrail. She grazed the handrail with the fingertips of her right hand but was unable to secure a grip. She fell backwards and slid to the bottom of the stairs. Despite pain in her foot, she was able to drive herself home. Because of subsequent swelling in her foot, Selby-Gardner sought medical treatment.

---

[1] There is no dispute that Selby-Gardner satisfied the Federal Tort Claims Act's exhaustion requirement before bringing this lawsuit.

Prior to the accident, in August of 1989, a preexisting handrail at the center of the staircase was removed during the construction of a wheelchair access ramp. Michael Bernacchio, the project manager for the Postal Service, ordered the center handrail removed. He did so because access to the main door of the Post Office was blocked by the intersection of the handrail and the guard rail enclosing the upper portion of the ramp. When he made the decision to remove the center rail, Bernacchio was unaware of the State Building Code requirement that staircases more than eighty-eight inches (7' 4") wide have a center handrail.

The fall caused an injury to Selby-Gardner's right ankle. While initially diagnosed as a contusion, X-rays taken on June 4, 2001, showed a "possible small avulsion at the medical malleolus," as well as soft tissue swelling. On November 17, 2001, repeat x-rays showed "a small bony fragment beneath the medial malleolus which may be an old avulsion fracture." Selby-Gardner was unable to climb the stairs to her second floor bedroom for two to three weeks after the accident. She remained in an air cast for two months and used a cane for several months thereafter. Her ability to interact with her children and grandchildren and to perform ordinary household chores was moderately inhibited. She suffered occasional intermittent pain. The injury resolved itself completely some ten (10) months after the accident.

## RULINGS OF LAW

The liability of the United States under the Federal Tort Claims Act (FTCA), if any, is governed by the law of Massachusetts. Goldman v. United States, 790 F.2d 181, 183 (1st Cir. 1986). "Under the Federal Tort Claims Act, the federal government is liable, 'in

the same manner and to the same extent as a private individual under like circumstances.'" Id., at 182.  Recovery is limited to the amount of the administrative claim, in this case $15,000.

"An owner or possessor of land owes a common-law duty of reasonable care to all persons lawfully on the premises. . . . This duty includes an obligation to 'maintain[] his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk.'" O'Sullivan v. Shaw, 321 Mass. 201, 204 (2000), citing Mounsey v. Ellard, 363 Mass. 693, 708 (1973).  Under Massachusetts law, to recover against a landowner for an injury caused by a defect in the premises, a plaintiff must "prove by a preponderance of the evidence that her injuries were proximately caused by an unsafe condition which the defendant created, had actual knowledge of, or should have discovered and corrected in the exercise of ordinary care." Freitas v. Home Depot U.S.A., Inc., 2000 WL 910872, at *1 (Mass. App. Div. 2000), citing Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1973).  A landowner also has a duty "to warn visitors of any unreasonable dangers of which the landowner is aware or reasonably should be aware.'" Davis v. Westwood Group, 420 Mass. 739, 743 (1995).[2]  A finding of negligence must not impose an "unreasonable standard of perfection" on the United States (or any other landowner). Goldman, 790 F. 2d at 184.  A landowner is not held to a strict liability standard. See Laird

---

[2]The court ruled at trial that the case did not raise the issue of a duty to warn as the only issue was whether the failure to reinstall a center handrail on the staircase created an unsafe condition.  Such hazard as did exist was not so blatant as to impose a duty to warn on the United States.  Cf. O'Sullivan, 431 Mass. at 204.  Compare Bergendahl v. Massachusetts Electric Co., 45 Mass. App. Ct. 715, 723 (1998)

v. Nelms, 406 U.S. 797, 799 (1972).  See  Toubiana v. Priestly, 402 Mass. 84, 88 (1988) (under the common-law duty of reasonable care, a landowner is not required to maintain premises "of maximum safety.").[3]

The United States Postal Service is not as a matter of law bound by state or local building codes.  USPS v. City of Hollywood, Fla., 974 F. Supp. 1459, 1463 (S.D. Fla. 1997); USPS v. Town of Greenwich, Conn., 901 F. Supp. 500, 504-505 (D. Conn. 1995); Stewart v. United States, 508 F. Supp. 112, 115 (N.D. Cal. 1980).  Although a violation of a state building code is not by itself sufficient to establish liability, it may constitute some evidence of negligence.  St. Germaine v. Pendergast, 411 Mass. 615, 620 (1992); Cf. Bennett v. Eagle Brook Country Store, Inc., 408 Mass. 355, 358-359 (1990).  Compare Richards v. United States, 170 F. Supp. 2d 423, 425 (S.D.N.Y. 2001) (despite state building code deviations, neither the irregular geometry of the staircase risers nor a defective bannister contributed to the plaintiff's accident).

A plaintiff who has suffered injury through the fault of a defendant is entitled to recover for all of her past and future pain and suffering, disability, medical expenses, physical, psychological or emotional injuries, diminution of earning capacity, and for any reduction in the enjoyment of life.  Rodgers v. Boynton, 315 Mass. 279, 280 (1943);

---

[3]The defendant's contention that the plaintiff was negligent and contributed to her own damages is a defensive claim, and the burden of proof is on the defendant to establish the defense by a preponderance of the evidence. G.L. c. 231 § 85.  A plaintiff is presumed to have been in the exercise of due and reasonable care for her own safety at all times.  This presumption alone is sufficient to defeat any suggestion of contributory negligence.  There is no evidence that Selby-Gardner contributed to her injury, certainly no evidence that any negligence on her part exceeded that of the Postal Service.

Doherty v. Ruiz, 302 Mass. 145, 146 (1939); Mitchell v. Walton Lunch Co., 305 Mass. 76, 78 (1939); Cross v. Sharaffa, 281 Mass. 329, 330 (1933).

## ULTIMATE CONCLUSIONS

The only issue raised by this case (other than possible damages) is whether the failure of the Postal Service to comply with the State Building Code by failing to replace the center handrail after installing the handicapped ramp was a proximate cause of Selby-Gardner's injury. Negligence and proximate cause are distinct inquiries. Even where a defendant is found negligent, it is not liable to a plaintiff unless its negligence caused the plaintiff's harm. Restatement (Second) of Torts § 430 (1965); Mullins v. Pine Manor College, 389 Mass. 47, 58 (1983). I have no doubt that the absence of a center handrail on a staircase more than 10' wide created a defect in the premises, and that by failing to provide a center handrail in conformity with the State Building Code, the Postal Service breached its duty to patrons to maintain the premises in a reasonably safe condition.[4] I do not, however, find that the breach of duty was a proximate cause of Selby-Gardner's injury. As Selby-Gardner testified, when she lost her balance on the second step of the staircase, she instinctively reached for and almost succeeded in gripping the guard rail to her immediate right. A center handrail placed in the middle of the staircase, that is, 61"

---

[4] I give no particular weight to the fact that only one claim previous to Selby-Gardner's was made involving a fall on the same staircase.

from the right side of the staircase where she fell,[5] would have been out of Selby-Gardner's reach.  Therefore, a center handrail could not have prevented her fall.[6]

## ORDER

For the foregoing reasons, plaintiff is not entitled to a recovery and judgment shall enter for the United States.

        SO ORDERED.

        /s/ Richard G. Stearns

        _____
        UNITED STATES DISTRICT JUDGE

---

[5] According to Donald Doddridge, plaintiff's expert construction witness, this would have been the proper location of a center handrail conforming to the requirements of the State Building Code.

[6] Selby-Gardner testified at her deposition that she is right-handed.